IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGEL MARTINEZ, )<br>    )<br>  Plaintiff, )<br>    )<br> v. )<br>    )<br>    )<br>FRED LOYA INSURANCE AGENCY, )<br>INC. )<br>    )<br>  Defendant. )<br>    ) | Civil Action No.<br><br>JURY TRIAL DEMANDED |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Angel Martinez ("Martinez"), and files this lawsuit against Defendant Fred Loya Insurance Agency, Inc. ("Defendant" or "Loya"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Fred Loya Insurance Agency, Inc. is a Texas corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from approximately May to September 2012.

7.

During part of his employment with Defendant, Plaintiff was ostensibly employed as a "Manager" at one of Defendant's auto insurance sales offices.

8.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

While employed as a "Manager," Plaintiff was paid a salary and treated as exempt from the overtime requirements of the FLSA.

10.

While employed as a "Manager," Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential for hours worked over (40) in given workweeks.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation during his employment as a "Manager."

13.

Throughout Plaintiff's employment as a "Manager," Plaintiff's primary duty was non-exempt work, specifically sales and customer service work involved in selling auto insurance to Defendant's customers.

14.

For a significant portion of his employment as a "Manager," Plaintiff was the only employee in the office in which he worked. During this period, Plaintiff did not supervise any other employees.

15.

The importance of Plaintiff's sales and customer service work, which comprised the vast majority of his work hours, greatly outweighed the importance of any other work he performed.

16.

During the last three years, while employed by Defendant as a "Manager," Plaintiff regularly worked in excess of (40) hours in given workweeks and was not paid the overtime wage differential.

17.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

18.

Defendant is governed by and subject to the FLSA, 29 U.S.C. § 204 and §207.

## Count I

## Violation of the Overtime Wage Requirements of the Fair Labor Standards Act

19.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

20.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

21.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times their regular rate of pay for all hours worked in excess of (40) hours in a workweek.

22.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

23.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

24.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

25.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

26.

Defendant's violations of the FLSA were willful and in bad faith.

27.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and

reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 21st day of June, 2013.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Plaintiffs

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile